REAGAN OUTDOOR ADVERTISING, INC., a Utah Corporation, Plaintiff and Appellant,

v.

UTAH DEPARTMENT OF TRANSPORTATION, Defendant and Respondent.

No. 15693.

Supreme Court of Utah.

Jan. 9, 1979.

Stephen M. Harmsen, Salt Lake City, for plaintiff and appellant.

2. *Auto Leasing Co. v. Central Mutual Insurance*, 7 Utah 2d 336, 325 P.2d 264 (1958).

Robert B. Hansen, Atty. Gen., Stephen J. Sorenson, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

MAUGHAN, Justice:

Before us is an order of the trial court dismissing the appeal of Reagan Outdoor Advertising, Inc., a Utah corporation (hereafter Reagan), from the decision of the Utah Transportation Commission (hereafter Commission). The trial court found the appeal not to have been filed on time. We reverse and remand for the purpose of allowing Reagan to present such evidence as he may have. All statutory references are to U.C.A., 1953.

Nine months after a hearing, on December 9, 1976, the Commission adopted a resolution declaring Reagan's signs to be in violation of the Utah Outdoor Advertising Act (hereafter Act). The Commission's decision was dated September 16, 1976, but it was not mailed to plaintiff until September 26. Plaintiff received the notice on September 29, and filed its notice of appeal in the district court on October 25, 1976.

This case has its genesis in 27–12–136.9, which follows:

The decision of the commission may be appealed to the District Court in the county in which the sign is located . . Appeals shall be taken within 30 days of the commission's decision by filing a notice of appeal and sending a copy of the notice to the commission.

■ In interpreting this section of the Act we must presume the legislative intent was that appeals should be taken within 30 days after a reasonable notice of the Commission's decision. Otherwise, that section of the Act would be vulnerable, as denying Reagan's right to due process; conceivably, a party adversely affected by the Commission's decision may not even be notified before the time limit for an appeal to the district court has run, and would thereby by unfairly deprived of its right to be heard in court. The problem here is aggravated because the Commission maintains no register of actions, docket, or other definite, easily accessible public record of its decision. We therefore construe the above language to avoid an infirmity in the statute which would otherwise exist. This court has stated:

One of the cardinal principles of statutory construction is that the courts will look to the reason, spirit and sense of the legislation, as indicated by the entire context and subject matter of the statute dealing with the subject.[1]

We believe this principle to be applicable to this case.

Rule 81(d), U.R.C.P., is applicable here. It is:

These Rules shall apply to the practice and procedure in appealing from or obtaining a review of any order, ruling or other action of an administrative board or agency, except in so far as the specific statutory procedure in connection with any such appeal or review is in conflict with these Rules.

■ Applying the above rule here, this situation is not unlike that which this Court dealt with in *Utah Chiropractic Association v. Equitable Life Assurance.*[2] In light of the holding in that case, the Commission here could serve notice on a litigant by personally delivering a copy, or by mail. If served by mail, Rule 81(d) would bring into play Rule 6(e), and three days would be added to the time in which a litigant would be required to act. If personally delivered the time for appeal would begin to run pursuant to our Rule 6(a). We hold defendant timely filed its notice of appeal, it being filed within 30 days of the Commission's notice to defendant of the decision.

CROCKETT, WILKINS and HALL, JJ., concur.

ELLETT, Chief Justice (dissenting):

The appellant did not appeal within 30 days after the decision of the Commission as is required by U.C.A., 1953, Section 27–

---

1. *Masich v. United States Smelting, Refining and Mining Co.*, 113 Utah 101, 191 P.2d 612 (1948).

2. Utah, 579 P.2d 1327 (1978).

12–136.9. Therefore, this appeal should be dismissed. The statute does not provide for an appeal to be taken within 30 days after *notice* of a decision—it provides that it is to be taken within 30 days *from* the decision.

That requirement parallels the taking of an appeal from a decision of the district court, towit: it must be taken within one month *from* the date of entry in the Register of Actions. There is no provision for an appeal to be taken within one month *after notice*. See Rule 73(a), U.R.C.P.

The requirement of the statute which governs this case is clear and unambiguous; and I think our duty is to enforce it as written. In this matter the decision was rendered September 16, 1976; the appeal was taken October 25, 1976,—39 days from the time the decision was made.

The judgment should be affirmed.