### In the Matter of the Dissolution of the CITY OF WEST VALLEY, Utah.

### No. 17132.

Supreme Court of Utah.

Aug. 14, 1980.

Ronald L. Greenhalgh, Lynn J. Lund of Lund, Greenhalgh & Hutchings, Bountiful, for appellant.

J. Lade Heaton, Salt Lake City, for respondent.

Theodore L. Cannon, Salt Lake County Atty., intervenor.

HALL, Justice:

This appeal challenges the propriety of the order of the District Court of Salt Lake County which calls for a vote of the electorate on the question of dissolution of West Valley City.[1]

---

**13.** 58 Am.Jur.2d, Notice, § 21; *Smith v. Mahoney*, Utah, 590 P.2d 323 (1979); *Kent Club v. Toronto*, 6 Utah 2d 67, 305 P.2d 870 (1957).

**1.** In order to accommodate the time frame of the order of the trial court, this Court an-

nounced its affirmance of that order by minute entry dated June 24, 1980. This opinion simply

The proceedings below were initiated on May 14, 1980, by the filing of the petition of 25 percent of the registered voters of West Valley City, pursuant to the provisions of U.C.A., 1953, 10–2–701, *et seq.* The mayor-elect, two commissioners–elect, and others, filed the following objections to said petition: (1) that the signers of the petition are not registered voters of a municipality within the contemplation of the statute, *supra*, inasmuch as West Valley City was not as yet a municipality; [2] (2) that U.C.A., 1953, 10–2–710 prohibits presentation of the question of dissolution to the electorate short of a two–year period following incorporation; and (3) that the petition is invalid "because of numerous irregularities in soliciting signatures" thereon.

The District Court advanced the matter on its calendar, and thus heard the objections to the petition on June 6, 1980, at which time Salt Lake County was permitted to intervene as a party. With the exception of certain factual stipulations entered into by the parties, the hearing consisted only of the presentation of legal arguments of the parties pertaining to their respective positions. No evidence was presented, and upon specific inquiry of the court, objectors advised that none was available for them to present.

The court below found, *inter alia*, that the incorporation of West Valley City was approved by the electorate on February 26, 1980; that a notice of intention to file articles of incorporation was filed with the Secretary of State on April 15, 1980; [3] that articles of incorporation were in fact filed on May 15, 1980, to be effective as of July 1, 1980; that the Salt Lake County Clerk had verified that in excess of 25 percent of the qualified and registered voters of West Valley City had signed the petition in question; and that no prior election for dissolution had been held. The court thereupon concluded that it was in the best interest of the residents of West Valley City and Salt

Lake County to have an election in the question of dissolution and set the date of July 8, 1980, as the date therefor.

On appeal, the objectors to the petition raise the same points urged upon the court below, contending that the court erred in its interpretation of U.C.A., 1953, 10–2–701 and 710, and that the court either should have ordered an evidentiary hearing or should have required a further investigation as to the alleged irregularities pertaining to the signatures on the petition.

The statutory provisions pertinent to the resolution of this controversy read as follows:

U.C.A., 1953, 10–2–701:

Petition to district court.—Whenever 25% or more of the registered voters of any municipality sign a petition for the dissolution of a municipality and present the petition to the district court for the county in which such municipality is located, the court shall be responsible for conducting the election at which the question of dissolution is put to the voters of the municipality and for giving notice of such question and election to such voters.

U.C.A., 1953, 10–2–710:

Limitation on dissolving municipality.—The question of dissolving any municipality may not be presented to the voters more often than once in two years and any petition signed by the voters within two years of the election is invalid.

U.C.A., 1953, 10–2–108:

Filing of articles of incorporation with the secretary of state, county clerk and certification.—A copy of the above–mentioned notice of election results shall also be filed with the secretary of state together with three or more copies of the articles of incorporation for the municipality. The articles of incorporation shall contain the name of the municipality, its geographical description and its class ac-

---

expands its reasons therefor. A like procedure was followed in *Moss v. Board of Com'rs of Salt Lake City*, 1 Utah 2d 60, 261 P.2d 961 (1953).

2. The effective date of its incorporation not being until July 1, 1980.

3. Provided for by U.C.A., 1953, 10–2–108.5 (Interim Supp. 1980).

cording to population. The articles of incorporation shall be signed and verified by the mayor of the new municipality. On receipt of the articles and other documents, the secretary of state shall certify the articles of incorporation and return one copy to the county clerk or clerks of the county or counties in which the municipality is located, one copy to the mayor or recorder of the municipality so incorporated and retain one copy for his own records. The secretary of state shall furnish a certified copy of such articles of incorporation to any person on request and may charge a reasonable fee therefore. Any municipality may file articles of incorporation with the secretary of state if such articles do not exist or have been lost.

U.C.A., 1953, 10–2–108.5 (Interim Supp. 1980):

(1) In lieu of filing the articles of incorporation, the mayor–elect of the future municipality may file a verified notice of intention to file the articles of incorporation. The notice shall set forth the name of the future municipality, the geographical description, its class according to population, and the proposed date for filing the articles of incorporation. On receipt of the notice, the secretary of state shall certify the notice and return one copy to the county clerk or clerks of the county or counties where the municipality will be located and retain one copy for his own records. (2) Upon the filing of such certified copies, the persons elected as officers of the future municipality shall have the following powers until it becomes legally incorporated: (a) To prepare a proposed budget and compilation of ordinances; (b) To negotiate personnel contracts and hiring; (c) To negotiate service contracts; and (d) To file the notification required by Section 11–12–3.

U.C.A., 1953, 10–2–112:

When incorporation completed.—Municipalities shall be deemed incorporated on substantial compliance with each of the requirements of this part.

In the face of uncertainty or doubt as to the proper interpretation and application of statutory enactments, they are to be construed in accordance with their intent and purpose.[4] The obvious purpose which underlies the statutes in question is to afford the residents of an area an adequate means of self–determination as to whether to incorporate or to disincorporate a municipality, and it is of note that none of said statutes in any way prohibit the procedures followed in this case.

The Constitution of Utah specifically provides that the people have a "right to alter or reform their government as the public welfare may require."[5] The Constitution also provides that the voters "of any legal subdivision of the State, under such conditions and in such manner and within such time as may be provided by law, may initiate any desired legislation and cause the same to be submitted to a vote."[6]

■ In the instant case, the various procedures required for incorporation have been followed and completed. Articles of incorporation have in fact been filed. Everything has been accomplished that is necessary to confer upon West Valley City the legal status of a municipal entity, with the exception of the lapse of time until July 1, 1980, when it officially commences its operations as an incorporated city. We therefor hold that there has been substantial compliance with the statutes,[7] that the municipality of West Valley City has thus come into existence for all practical purposes, and giving effect to the purposes of the above–quoted statutes, the residents of the area encompassed by the city are entitled to vote on the question of the proposed dissolution of their city.

**4.** See generally, 73 Am.Jur.2d, Statutes, § 145; see also, *Reagan Outdoor Adv. v. Utah Dept. of Transp.*, Utah, 589 P.2d 782 (1979); *Millett v. Clark Clinic*, Utah, 609 P.2d 934 (1980); *Intermountain Smelting v. Capitano*, Utah, 610 P.2d 334 (1980).

**5.** Article I, Section 2.

**6.** Article VI, Section 1.

**7.** U.C.A., 1953, 10–2–112, supra.

■ The objectors' second contention, that the question of dissolution cannot be presented to the voters short of a two–year period following incorporation, must fall in the face of the petitioners' correct and sufficient rejoinder that the statute[8] deals with "the question of dissolving any municipality," and since there has never as yet been any election on the question of the dissolution of West Valley City, the interdiction of that statute has no application.

The Legislature specifically distinguished elections for the purpose of incorporation from elections for the purpose of dissolution, and set forth the provisions therefor in separate sections of the Code.[9] The statutory provisions in the former are silent as to any time limitation for a new election, while in the latter a new election is specifically prohibited until after the expiration of a two–year period.

In the case of *Polk v. Vance,*[10] a petition was similarly before the court seeking an election to abolish a municipality. The Texas statutes were substantially similar to those of Utah except that the time limitations contained therein pertained only to elections to incorporate rather than to dissolve the municipality. In rejecting the argument of the objectors in that case the court had this to say:

> The Act in separate sections dealt with two elections, one to incorporate and the other to abolish. It forbade a new election to incorporate within one year, but was silent as to the time within which an election to abolish could be ordered. It seems clear that since the Act dealt with two different kinds of elections in separate sections and placed a limitation upon only one of them, there was no intention to place that same limitation upon the other. As a further indication of the Legislative intent to treat incorporation and abolition separately, we observe that Article 1134 falls within Chapter 11, Title 28, pertaining to the incorporation of towns and villages, while each Article pertaining to their abolition appears in Chapter 19 of the same Title. Each chapter is complete within itself in so far as it relates to its particular subject, and we can find no warrant for holding that the Legislature intended for the provision under discussion to apply to elections governed by Chapter 19.

Applying the reasoning of the Texas Court to the case at hand, we hold that there is no statutory prohibition against the election for dissolution scheduled for July 8, 1980.

■ Objectors' final contention, that of "irregularities in soliciting signatures" on the petition is wholly without support in the record before us. On the contrary, the trial court specifically found the petition to contain valid signatures, the same having been verified by the affidavit of the Salt Lake County Clerk which was received in evidence. The record is further void of any evidence whatsoever of any "irregularities," and when confronted by the court itself the objectors candidly admitted the unavailability of such evidence, nor did they make any request for a continuance for the purpose of further discovery.

The trial court further determined that objectors had failed to conform their pleadings to applicable rules of pleading[11] in that averments of fraud[12] are to be stated with particularity.

The ruling of the trial court is affirmed. No costs awarded.

CROCKETT, C. J., and MAUGHAN, WILKINS and STEWART, JJ., concur.

---

8. U.C.A., 1953, 10–2–710, supra.

9. U.C.A., 1953, 10–2–101 and U.C.A., 1953, 10–2–710, respectively.

10. 150 Tex. 586, 243 S.W.2d 829 (1951).

11. That pleadings are to be "simple, concise, and direct," see Rule 8(e), U.R.C.P.

12. Rule 9(b) and (c), U.R.C.P.