224 N.J. Super. 729 (1988)
541 A.2d 293
CHRISTY ANN GARRY, PLAINTIFF-APPELLANT,
v.
JOSIA PAYNE, THE CITY OF ELIZABETH AND THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 12, 1988.
Decided May 10, 1988.
*731 Before Judges DEIGHAN and LANDAU.
James A. Mella argued the cause for plaintiff-appellant Christy Ann Garry (Weiseman & Mella, attorneys; Joseph P. Pierry, on the brief).
Kenneth F. Mullaney argued the cause for defendant-respondent City of Elizabeth (Dwyer, Connell & Lisbona, attorneys; Kenneth F. Mullaney, on the brief).
R. Brian McLaughlin, Deputy Attorney General, argued the cause for defendant-respondent State of New Jersey (W. Cary Edwards, Attorney General, attorney; Michael R. Clancy, Deputy Attorney General, of counsel; R. Brian McLaughlin, on the brief).
James A. Vasios argued the cause for defendant-respondent Josia Payne (Hurley & Vasios, attorneys; James A. Vasios, on the brief).[1]
Leo P. Cox argued the cause for plaintiff-respondent Larry Robinson (Philip G. Auerbach, attorney; Leo P. Cox, on the brief).[1]
Michael R. Reitman argued the cause for plaintiff-respondent Shelise Mickel and Administratix ad Prosequendum of the Estate of Chevene Mickel (Shevick, Ravich, Koster, Tobin, Oleckna & Reitman, attorneys; brief was suppressed).[1]
The opinion of the court was delivered by LANDAU, J.A.D.
*732 These are appeals taken, on leave granted, from summary judgments which afforded immunity under N.J.S.A. 59:1-1 in favor of defendants-respondents City of Elizabeth and State of New Jersey, in consolidated suits for damages arising from injuries sustained in a tragic fire at an allegedly substandard and non-complying rooming house operated by defendant Josia Payne. Briefs were received on behalf of plaintiff Christy Ann Garry (Garry) and Larry Robinson. In addition, defendant Payne filed a brief objecting to the grant of the summary judgments.
Garry urged on appeal:
I. [INAPPLICABLE]
II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT, CITY OF ELIZABETH AS THE CITY IS RESPONSIBLE FOR THE NEGLIGENCE OF ITS EMPLOYEES IN THE PERFORMANCE OF THEIR MINISTERIAL FUNCTIONS.
III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT, CITY OF ELIZABETH AS THE ELIZABETH CITY WELFARE DEPARTMENT WAS RESPONSIBLE TO INSPECT AND PLACE WELFARE RECIPIENTS INTO A BOARDING HOME THAT WAS IN COMPLIANCE WITH ALL APPROPRIATE BUILDING AND FIRE CODES.
IV. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT, STATE OF NEW JERSEY AS THE STATE IS NOT IMMUNE FROM SUIT WHEN A PUBLIC EMPLOYEE DOES NOT ACT IN GOOD FAITH.
V. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT, STATE OF NEW JERSEY AS THE STATE IS NOT AFFORDED IMMUNITY UNDER THE NEW JERSEY TORT CLAIMS ACT FOR THE NEGLIGENT ACTS OF EMPLOYEES IN THE PERFORMANCE OF MINISTERIAL FUNCTIONS.
VI. THE TRIAL COURT ERRED IN DETERMINING THAT NEITHER THE CITY OF ELIZABETH NOR THE STATE OF NEW JERSEY WAS RESPONSIBLE FOR FAILING TO ENFORCE STATE AND CITY REGULATIONS REQUIRING A CERTIFICATE OF OCCUPANCY FOR THE PREMISES IN QUESTION.
Robinson argues on appeal that:
I. THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SINCE A GENUINE ISSUE OF MATERIAL FACT EXISTS REGARDING THE REASONABLENESS OF DEFENDANTS' *733 CONDUCT AND THEIR CONTROL AND INVOLVEMENT OVER THE PREMISES.
A. The trial court erred in its finding that the extent of defendant's control over the premises did not render the property `public' for the purpose of the `dangerous condition' section of the Tort Claims Act.
B. The trial court erred in granting summary judgment to the City of Elizabeth; the City, which placed welfare recipients into the boarding home and paid their rent, had a responsibility to these residents not to place them in a dangerous environment.
II. THE TRIAL COURT ERRED IN FINDING THE DEFENDANT CITY OF ELIZABETH IMMUNE UNDER THE INSPECTION PROVISION OF THE TORT CLAIMS ACT SINCE THE VIOLATION ALLEGED OCCURRED OUTSIDE THE SCOPE OF INSPECTION.
III. THE TRIAL COURT ERRED IN FINDING DEFENDANT STATE OF NEW JERSEY IMMUNE UNDER THE LICENSING PROVISION OF THE TORT CLAIMS ACT SINCE THE STATE'S NEGLIGENCE DID NOT INVOLVE THE ISSUANCE, DENIAL, SUSPENSION OR REVOCATION OF A LICENSE.
Payne urges that:
SUMMARY JUDGMENT WAS IMPROPERLY GRANTED, SINCE CO-DEFENDANTS MAY BE VICARIOUSLY LIABLE UNDER N.J.S.A. 59:3-3.
When the fire occurred, it appears that Payne had received a state license to operate as a rooming and boarding house, although there was a bureaucratic nightmare of failures to coordinate inspections which disclosed numerous municipal and state violations. For the purposes of the summary judgment motion, it can be assumed that both the City and the State had performed inadequate or incompetent inspections and that the continued operation of a rooming and boarding house with an excessive number of people in occupancy, as well as other municipal and state violations existed at the time of the fire. It was not disputed that the fire was attributed to a pan of unattended cooking oil in the room of one of the tenants.
The thrust of the allegations against the governmental entities (no individual governmental employees were joined) was as follows: (1) that the regulatory control exercised over Payne's property should result in its being regarded as publicly "controlled" under N.J.S.A. 59:4-2 so as to subject the public entities to liability for their awareness and failure to correct dangerous and hazardous conditions; (2) liability arising out of *734 failures in enforcement of ordinances, regulations or statutes applicable to the premises as occupied and operated; (3) negligence in licensing procedures; (4) negligence arising directly or indirectly from improper inspection and coordination of inspection results "outside the scope thereof"; (5) breach of good faith obligations under N.J.S.A. 59:3-1 et seq., and (6) breach of duties said to arise from the asserted placement of welfare recipients into the nonconforming and defective building. (Some residents received welfare from the City of Elizabeth, although plaintiff Garry received only county welfare.)
The burden in this case was upon the public entities to plead and prove their immunity under the Tort Claims Act (N.J.S.A. 59:1-1 et seq.). To succeed on the motion it was necessary that the trial judge have proof of a nature and character which would exclude any genuine dispute of fact. Once a moving party has met that burden, it is recognized that summary judgment is not only warranted but desirable. See Kolitch v. Lindedahl, 100 N.J. 485, 497 (1985); Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954).
We have carefully reviewed the record that was submitted to us with the several appeals. We have also considered carefully the briefs and oral arguments of counsel, and we are satisfied that, in light of applicable law, the arguments made by appellant are clearly without merit, and that the summary judgments in favor of the State and the City of Elizabeth should be affirmed, substantially for the reasons expressed by the trial judge during oral determinations made on February 27, 1987 and July 2, 1987. R. 2:11-3(e)(1)(E).
Additionally, we note our agreement with the analysis in Kenney v. Scientific, Inc., 204 N.J. Super. 228, 238 (Law Div. 1985), that "government regulation does not convert private property into public property ..." See also Brothers v. Highlands, 178 N.J. Super. 146 (App.Div. 1981) and Danow v. Penn Central Transp. Co., 153 N.J. Super. 597 (Law Div. 1977). We are aware of the speculation of the trial judge in Bosch v. Hain, *735 184 N.J. Super. 204 (Law Div. 1982) on this issue.[2] We hold, however, that to extend the concept of control beyond possessory control for purposes of government liability would substantially vitiate the protections afforded to governmental entities under the act, and particularly so with respect to licensing, inspection and enforcement functions.
As the Supreme Court has observed, the Tort Claims Act was intended to ensure that any immunity provisions provided in the act or by common law will prevail over the liability provisions. See, e.g., Malloy v. State, 76 N.J. 515, 519 (1978); see also concurring opinion of Justice O'Hern in Kolitch v. Lindedahl, supra, 100 N.J. at 498. "Immunity is the dominant consideration of the act." Birchwood Lakes Colony Club v. Medford Lakes, 90 N.J. 582, 596 (1982).
We agree with the trial judge that the distinction between ministerial or discretionary acts does not enter into the picture when dealing with alleged liability arising out of failure to enforce laws, failure to make or properly carry out inspections, or improper licensing or failures to license. See Malloy v. State, 76 N.J. 515, 520 (1978); Kenney v. Scientific, Inc., 204 N.J. Super. 228, 237 (Law Div. 1985); N.J.S.A. 59:2-4, 5, 6; N.J.S.A. 59:3-5, 6, 7.
We add that we see no issue of "good faith" under N.J.S.A. 59:3-3 comprehended by the facts disclosed in the record before the court. Compare discussion in Marley v. Palmyra Boro., 193 N.J. Super. 271, 292 (Law Div. 1983). It has been recognized that regulatory activities which are engaged in for the benefit of the public generally would be discouraged by imposition *736 of civil tort liability, and that this is not in the public interest. See, e.g., National Spring Co. v. Pierpont Assoc., 146 N.J. Super. 63, 68-69 (Law Div. 1976).
The assertion that the record discloses negligence "during the course of, but outside the scope of any inspections ..." so as to come within the exception conferred by N.J.S.A. 59:2-6 is specious. As observed in National Spring Co. v. Pierpont, supra, 146 N.J. Super. at 69, this language of the statute refers to negligent acts which have nothing to do with the inspection but create harm, e.g., negligently leaving open a door or grating.
As to the contention that liability of the City of Elizabeth arises in a non-immunized context by reason of its asserted placement of welfare recipients into the building and paying their rent (cf. dissent in Doe v. Youth & Family Services Division, 178 N.J. Super. 499, 507-508 (App.Div. 1981) rev'd on dissent, 89 N.J. 284 (1982)), we have perused carefully the record, and note that it discloses, without contradiction, that the welfare department of the City of Elizabeth was paying Payne for certain welfare boarders (not plaintiff Garry) but that no welfare recipients were placed or compelled to live in the premises. Thus, even assuming liability for negligent placement, there was nothing to contradict the sworn denial that anyone was placed there by the Elizabeth Welfare Authority. The prosecutor's report does not refute this. Moreover, the essence of the alleged duty arising from improper placement is bottomed in the underlying failure to inspect before placement. Thus, the statutory immunity provided by N.J.S.A. 59:2-6 et seq. would predominate, in any event. Malloy, supra.
Finally, although not integral to our analysis, we cannot fail to note that situations abound in which conscientious advocates have actually sought to prevent strict enforcement of state and municipal codes which are sometimes perceived as operating to aggravate the growing problem of homelessness. We are convinced that the Legislature did not intend that the courts *737 should compound such societal dilemmas by affording to Title 59 an interpretation which offers the possibility of imposing tort liability on a dammed-if-you-do dammed-if-you-don't basis.
Affirmed.
NOTES
[1] Denominated respondents inasmuch as no appeals were filed. These parties have, however, joined in the position of appellant in opposing the summary judgments.
[2] The following language appears in Bosch, 184 N.J. Super. at 210:

In light of this extensive regulatory control a persuasive argument can be mounted to label the property in question as `public,' sufficient to bring into play chapter 4 of the act. There is an equally substantial argument advanced by the State that such concept of regulatory control must be coupled with an interest in the real estate. It is unnecessary for the court to resolve this difficult question since it has reached the conclusion that N.J.S.A. 59:2-6 is not applicable under the facts presented.