Sherman D. PACKER, Plaintiff,

v.

NATIONAL SERVICE INDUSTRIES,
INC., a Delaware corporation;
Defendant and Appellant,

B.W. Norton Manufacturing Company,
Inc., a California corporation; and International Machine and Tool Works,
Inc., an Illinois corporation, Defendants
and Appellee.

No. 950121–CA.

Court of Appeals of Utah.

Jan. 5, 1996.

Todd S. Winegar, Wade S. Winegar, and Karra J. Porter, Salt Lake City, for Appellant.

Paul M. Belnap and Robert L. Janicki, and Michael S. Johnson, Salt Lake City, for Appellee.

Before ORME, BENCH and WILKINS, JJ.

WILKINS, Judge:

Appellant National Service Industries, Inc. (NSI) appeals a grant of summary judgment entered in favor of appellee B.W. Norton Manufacturing Company (Norton). We dismiss the appeal.

### BACKGROUND

Sherman Packer injured his eye while opening a container of Hi–Foam Degreaser sold to him by NSI. Packer alleged that his injury resulted when the pry-out seal on the container's lid struck his eye. As a result, Packer filed suit against NSI and Norton. Neither NSI nor Norton filed cross-claims against each other. NSI and Norton were merely co-defendants in a case brought by Packer.

Norton had sold the pail and lid of the container that injured Packer to NSI, along with many other pails and lids. NSI was in the practice of placing bulk orders for these items with Norton. Norton manufactured the pails and lids, a process which included installing a pour spout with a pry-out seal made by another company into the lids, then shipped the pails and lids in bulk to NSI. Once NSI received the pails, it decided which of its products it would put into them, filled the pails with those products, and clamped the lids down. The container Packer was

opening when he was injured presumably had been through this process.

Norton filed a motion for summary judgment, which Packer announced he planned to oppose. However, at the last minute Packer decided not to respond to Norton's motion because he was "convinced there [was] no possible claim against Norton." Surprised that Packer was not opposing Norton's motion, NSI sought to oppose the motion for summary judgment. NSI filed a memorandum and argued against Norton's motion in court, over Norton's objection. Nevertheless, the court granted the motion for summary judgment, by which Norton was dismissed from the action. NSI settled with Packer and now appeals the trial court's order that granted Norton's motion for summary judgment.

### ISSUE ON APPEAL

We address a single question on appeal: May a co-defendant in multi-party litigation oppose the summary judgment motion of another co-defendant brought against the plaintiff, when the co-defendant seeking to oppose the motion is not party to a cross-claim involving the moving co-defendant? This is a question of law which we review for correctness. *See generally, Nixon v. Salt Lake City Corp.*, 898 P.2d 265, 268 (Utah 1995).

### ANALYSIS

■ We dismiss NSI's appeal because we find that NSI was not a proper party to the motion for summary judgment brought by Norton, did not have a right under the Utah Rules of Civil Procedure to oppose Norton's motion, and does not have a right to appeal the court's order that granted Norton's motion.

■ NSI was brought into this case by Packer. When the court granted Norton's motion for summary judgment, thereby dismissing Norton from the suit, Norton's alleged fault could no longer be considered in Packer's case against NSI. *See Sullivan v. Scoular Grain Co. of Utah*, 853 P.2d 877, 878 (Utah 1993) ("[A]n individual or entity dismissed from a case pursuant to an adjudication on the merits of the liability issue may

not be included in the apportionment."). However, NSI could have protected its potential claim against Norton by filing a cross-claim against Norton under Utah Rule of Civil Procedure 13(f). "Such cross-claim may include a claim that the party against whom it is asserted is or *may be* liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." *Yost ex rel. Yost v. State*, 640 P.2d 1044, 1047 (Utah 1981) (emphasis added).

NSI could also protect a possible claim against Norton by filing an independent action claiming indemnity, if filing a cross-claim was considered to be tactically undesirable. *See* Utah Code Ann. § 78–27–43 (1992) (stating that specific recently-amended sections of the code do not "affect[ ] or impair[ ] any right to indemnity ... arising from statute, contract, or agreement").

Furthermore, because NSI did not have a right to respond to Norton's motion for summary judgment against the plaintiff, NSI has no right to appeal the court's order granting Norton's motion. *See Morrison–Knudsen Co. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1214 (9th Cir.1987) (holding that co-defendant "may not appeal dismissal of additional defendant from [plaintiff's] original claims, without itself being party-plaintiff to those claims," even though co-defendant's position may be affected by the resolution of plaintiff's claims against other defendant).

■ Therefore, we hold that in a civil action involving multiple defendants, when no cross-claim is brought between the defendants, and when one of the defendants files a motion for summary judgment, a co-defendant does not have a right to respond to the motion. In addition, we hold that a co-defendant barred from arguing against the first defendant's motion is also barred from appealing the trial court's ruling on the first defendant's motion. The Utah Rules of Civil Procedure, along with the Utah Code, provide ample ways for a defendant to squarely contest a co-defendant's argument or motion by bringing a cross-claim or a separate action against the co-defendant. NSI should have followed one of these established, workable procedures.

Our holding on this issue disposes of the appeal.

## CONCLUSION

Because NSI did not bring a cross-claim against Norton, NSI did not have a right to respond to Norton's motion for summary judgment or to appeal the court's order that granted Norton's motion. Dismissed.

ORME, P.J., and BENCH, J., concur.