**Jodie DAHL, Plaintiff and Appellee,**

v.

**KERBS CONSTRUCTION CORP. and Epstein Construction, Inc., Defendants and Appellants.**

No. 910372.

Supreme Court of Utah.

April 28, 1993.

Rehearing Denied June 11, 1993.

Martin W. Custen, James R. Hasenyager, Ogden, for Dahl.

Nelson L. Hayes, George T. Naegle, Salt Lake City, for Kerbs Const. Corp.

Michael A. Katz, Salt Lake City, for Epstein Const., Inc.

ZIMMERMAN, Justice:

This appeal arises out of an action by an injured worker, Jodie Dahl, against two independent contractors, Kerbs Construction Corp. and Epstein Construction, Inc. The contractors appeal from an interlocutory order of the district court in which the court ruled that Albertsons, Inc., the allegedly negligent nondefendant employer, could not be included on a special verdict form apportioning comparative negligence among the responsible parties because it was immune from suit by virtue of the Utah Workers' Compensation Act. Utah Code Ann. § 35–1–60.

The relevant facts are not in dispute. Plaintiff Dahl was employed by Albertsons at its North Salt Lake distribution center. On February 14, 1989, Dahl was injured when she fell over a trench which had been cut into the concrete floor as part of a remodelling project. Albertsons had hired defendant Epstein Construction, Inc., as project manager for the remodelling. Epstein, in turn, had subcontracted with defendant Kerbs Construction Corporation for work that included cutting the trench.

Dahl was awarded workers' compensation benefits and then brought this negligence action against Epstein and Kerbs. Defendants affirmatively alleged negligence on the part of both Dahl and Albert-sons. Epstein and Kerbs sought to have Albertsons' name included on the special verdict form so that the jury could apportion the negligence among all allegedly responsible parties. The court initially granted the motion but, upon reconsideration, reversed its previous determination. Epstein and Kerbs sought permission to take an interlocutory appeal, which was granted, and trial of the matter has been stayed pending our decision.

This case is controlled by our recent decision in *Sullivan v. Scoular Grain Co. of Utah*, 853 P.2d 877 (Utah 1993). In *Sullivan*, we held, inter alia, that "[a] jury may apportion the fault of employers under Utah Code Ann. §§ 78–27–38 to –43 notwithstanding their immunity under Utah Code Ann. § 35–1–60." *Id.*, at 884. Consequently, Albertsons should be included on the special verdict form.

We reverse the trial court's order and remand the case for trial.

HALL, C.J., HOWE, Associate C.J., and DURHAM, J., concur.

STEWART, Justice (Dissenting):

I dissent for the reasons stated in my dissent in *Sullivan v. Scoular Grain Co. of Utah*, 853 P.2d 877 (Utah 1993).