Wendy **TIETZ**, individually and as Personal Representative of the Estate of Bradley James Tietz, Deceased, Plaintiff,

v.

Orson J. **BLACKNER**, Carl Holmes, and Penny Holmes, Defendants.

No. 93–C–880 W.

United States District Court,
D. Utah,
Central Division.

Sept. 7, 1994.

---

W. Brent Wilcox, Jeffrey D. Eisenberg, Wilcox, Dewsnup & King, Salt Lake City, UT, Irvin B. Nodland, Nodland & Dickson, Bismarck, ND, for plaintiff.

S. Baird Morgan, Adam F. Trupp, Strong & Hanni, Salt Lake City, UT, Robert L. Froerer, Froerer & Miles, P.C., Ogden, UT, for defendants.

## MEMORANDUM & ORDER

BOYCE, United States Magistrate Judge.

Defendant Orson J. Blackner has made a motion for leave to file and serve a "Third Party Complaint" on Michael James Geiger (File Entry # 24). Plaintiff Wendy Tietz is the representative of Bradley Tietz, deceased, who was a passenger in the vehicle operated by Geiger whom defendant Blackner seeks to join in the suit. Wendy Tietz sued only Blackner, the driver of the other vehicle in a motor vehicle accident in which Bradley Tietz was killed. The accident occurred on August 16, 1992. The vehicle driven by Blackner was struck from behind by the vehicle driven by Geiger and in which Bradley Tietz was a passenger. Blackner's motion for a third party complaint under Rule 14, F.R.C.P. seeks the joinder of Geiger for two purposes. First, to apportion the fault of Geiger under the Utah Liability Reform Act, Utah Code Ann. § 78–27–37, 41 (1994 Supp.); Laws of Utah Ch. 221 § 2. Second, Blackner seeks to recover from Geiger for Blackner's injuries and losses resulting from the collision.

The plaintiff opposes the third party complaint contending Rule 14, F.R.C.P. cannot be used for the purpose for which defendant Blackner seeks the impleader. Plaintiff contends Rule 14 does not sanction joinder of a third party defendant for the purposes of apportionment or Blackner's independent injuries.

The substantive issues in the case are determined by Utah law since the jurisdiction of this court is based on diversity of citizenship. 28 U.S.C. § 1332(a); *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Of course, matters of procedure are to be determined by federal law. *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). A determination of how to apply the comparative fault aspects of the Utah Liability Reform Act is a matter of substantive law and this court, in that context, must apply Utah law.

The Utah Supreme Court has held that under the Utah Liability Reform Act, Utah Code Ann. § 78–27–37 et seq., which is a comparative fault statute, that the negligence of persons who are immune from liability or against whom liability is not otherwise applicable is to be compared for the purposes of determining total fault. All those persons whose fault could be a causative factor to a plaintiff's injury may be considered in determining the percentage of attribution of fault. *Sullivan v. Scoular Grain Co.,* 853 P.2d 877 (Utah, 1993); *Dahl v. Kerbs Const. Corp.,* 853 P.2d 887 (Utah, 1993); *Brown v. Boyer–Washington Blvd.,* 856 P.2d 352 (Utah, 1993); *Ericksen v. Salt Lake City Corp.,* 858 P.2d 995 (Utah, 1993). Under this construction, Michael Geiger's negligence or fault, if any, is properly considered in determining whether the plaintiff may recover against Blackner and in what proportion. Applying the Utah decisions, the judges of this court have allowed comparison of fault between a party and a non-party on the verdict form. Under this practice, defendant Blackner would be able to have the fault of Geiger considered even if he were not joined as a party. The procedure seemed to be approved in *Ericksen v. Salt Lake City Corp.,* supra. Absent a decision from the Utah Supreme Court, that is substantive in nature, holding that a person whose fault is at issue must be joined, this court could employ the verdict form allowing the jury to consider the fault of a "phantom" party. However, recently the Utah Supreme Court had presented to it an argument that under Utah Code Ann. § 78–

27–39, 41 a person who is not immune from suit, where liability is to be compared, should be joined as a party. *Turner v. Nelson*, 872 P.2d 1021 (Utah, 1994). In regard to the need to join a person whose fault is to be compared as a party, the court said "we do not reach it." It found the practice was harmless under circumstances of the case.[1]

The issue of required joinder is not the only issue to be decided in this case because Blackner does not seek to add Geiger just for apportionment purposes, but also for the purpose of Blackner obtaining compensation from Geiger for Blackner's injury. If impleader under Rule 14, F.R.C.P. is proper the joinder would of course allow for apportionment of fault.

Blackner seeks to add Geiger as a third party defendant under Rule 14, F.R.C.P. That rule provides:

> "(a) At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff *for all or part* of the plaintiff's claim against the third-party plaintiff ..." (Emphasis added.)

The rule only provides for joinder if the reason for bringing in the new party (third party defendant) is that that person will be liable over to the defendant/third party plaintiff. The rule does not allow joinder of independent claims or simple joint tortfeasors. The Rule was first adopted in 1937 when comparative fault was not a prevalent concept in the United States, and apparently the impleader was intended for the primary purpose of indemnification or contribution. In *Marshall v. Pointon*, 88 F.R.D. 566 (D.W.D.Okla., 1980) the court said that "a third party claim may be asserted under Rule 14 *only* when the third party's liability is in some way dependent on the outcome of the main claim or the third party is second-

arily liable to the defendant." *Id.* p. 567. This is consistent with the language of Rule 14, F.R.C.P.

Rule 18, F.R.C.P. complements Rule 14. Rule 18(a), F.R.C.P. provides:

> "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

■ Rule 18 does not allow joinder of parties but allows a party who has been properly joined to plead and assert all ancillary or other claims against other parties. *First Golden Bancorporation v. Weiszmann*, 942 F.2d 726 (10th Cir., 1991). *Schwab v. Erie Lackawanna R. Co.*, 438 F.2d 62 (3d Cir., 1971); see also *Kaminsky v. Abrams*, 41 F.R.D. 168 (D.S.D.N.Y., 1966). The ancillary jurisdiction aspect is inapplicable in this case since no ancillary claims are sought to be pursued by Blackner against Tietz or any other party, rather Blackner seeks to join Geiger and assert an additional state claim against him. Rule 18(a) would apply only after a suitable joinder under Rule 14 has been allowed. *United States v. Fisler*, 62 F.R.D. 205 (D.E.D.Pa., 1972).

■ The plaintiff contends the joinder cannot occur under Rule 14, F.R.C.P. and that Blackner must independently sue Geiger in a separate action and then move to consolidate the cases. This would, of course, be an inconvenient and a very roundabout way of proceeding. To allow joinder under Rule 14, F.R.C.P. would avoid multiplicity of litigation and expense. *Old Republic Ins. Co. v. Concast, Inc.*, 99 F.R.D. 566, 568 (D.S.D.N.Y., 1983) (Third party suit involving excess insurance coverage and issue of responsibility for any liability is proper under Rule 14. "[T]he rule, ... is to facilitate judicial economy by avoiding multiple and circuitous

---

1. In this regard Utah Code Ann. § 78–27–38(4)(a) provides:

> "In determining the proportionate fault attributable to each defendant, the fact finder may, and when requested by a party shall, consider the conduct of any person who contributed to the alleged injury *regardless of whether the person is a person immune from suit or a defen-*

*dant in the action and may allocate fault to each person seeking recovery, to each defendant, and to any person immune from suit who contributed to the alleged injury."* (Emphasis added.)

The language appears ambiguous and could be interpreted to allow consideration of the fault of *"any person"* even if they were not a party.

suits.") See also *United States v. Acord*, 209 F.2d 709 (10th Cir., 1954) (Rule 14 is to prevent trying several related claims in different lawsuits, etc.; the rule is to be liberally construed.) Utah law does not allow contribution among tortfeasors under the Liability Reform Act, Utah Code Ann. § 78. If the action were for indemnity or contribution, Rule 14(a) would apply. *Thomas v. Malco Refineries*, 214 F.2d 884 (10th Cir., 1954). However, where a joint tortfeasor is sought to be joined and contribution is not recognized, impleader is not appropriate. *United States v. State of Arizona*, 214 F.2d 389 (9th Cir., 1954); *McPherson v. Hoffman*, 275 F.2d 466 (6th Cir., 1960); *Rose v. Chicago R.I. & P.R. Co.*, 308 F.Supp. 1357 (D.W.D.Okla., 1970). In this case the liability of Geiger to Blackner may not necessarily be based on Tietz's claim against Blackner, which is a usual prerequisite to impleader. *Blais Const. Co., Inc. v. Hanover Square Associates-I*, 733 F.Supp. 149 (D.N.D.N.Y., 1990); *General American Life Ins. Co. v. Rana*, 769 F.Supp. 1121 (D.N.D.Cal., 1991). However, the apportionment of fault among Blackner and Geiger would be directly related to the Tietz claim and would effect the extent of recovery, if any.

In *Hills v. Price*, 79 F.Supp. 494 (D.E.D.S.C., 1948) the plaintiff vehicle passenger sued defendant the driver of the other vehicle. The defendant sought to join the driver of plaintiff's vehicle under Rule 14. The court held the impleader to be improper. This was, however, not a comparative negligence or a fault apportionment case.

In *Symons v. Mueller Company*, 526 F.2d 13, 18 (10th Cir., 1975) the court considered the dismissal of a third party complaint in which "indemnity" was sought against a gas company that had installed certain parts on gas lines that exploded. The court of appeals affirmed the dismissal. The court held the action was not one for indemnity under Kansas law but actually for contribution which was not allowed under Kansas law. Therefore, the third party complaint was properly dismissed. This case does not preclude defendant's impleader in this case because defendant does not seek contribution but comparison and apportionment of dam-ages as to the primary claim. The case does not control the present situation.

In *King Fisher Marine Service, Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155 (10th Cir., 1990) a contractor filed a diversity jurisdiction action and defendant development company sought a third party complaint against a non-diverse contract supervisor. The court upheld the ancillary third party jurisdiction. The court said if there is a proper impleader then ancillary jurisdiction could be utilized to pursue all other claims arising from the same transaction or occurrence. Rules 14(a) and 18, F.R.C.P. were to be read together concerning the disposition of multiple claims. *Id.* at 1169–71. Of course, the result was based on the finding of a proper Rule 14(a) joinder in the first instance. In *First Golden Bancorporation v. Weiszmann*, supra., the court said as long as the 14(a) impleader is not a sham, ancillary jurisdiction claims can proceed even if the third party impleader claim fails. *Id.* p. 731.

It is apparent that Blackner cannot implead Geiger to pursue Blackner's independent claim for damages against Geiger. It is also improper to assert impleader based on indemnification or contribution. Neither principle is clearly involved in Blackner's desire to join Geiger for apportionment under the Utah Liability Reform Act. Rather Blackner seeks to have his fault compared with all others (including Geiger) who may have contributed to the plaintiff's injury, Utah Code Ann. § 78–27–38(4), 39, to determine liability on the primary claim. The Utah Supreme Court has held that since a third party plaintiff cannot be held liable for any amount in excess of the proportion of fault attributable to the third party plaintiff, the proportion of fault of a third party defendant is properly considered under the Liability Reform Act. *Brown v. Boyer–Washington Blvd.*, 856 P.2d 352 (Utah, 1993). The Utah Supreme Court held in *Brown* that it was error to dismiss a third party complaint under Rule 14, Utah Rules of Court Procedure, because of the need to apportion liability. *Id.* p. 354. Although, Utah rules of practice do not necessarily apply under the federal rules, the fact that the Utah Supreme Court believed that the joinder of parties

whose fault may be at issue is substantively valid under Utah law, provides a similar substantive basis in this diversity action to characterize the joinder request under Rule 14(a), F.R.C.P. Any increase in Geiger's portion of fault would reduce to some extent Blackner's potential liability. In this regard, although there would not be "liability over" in the classical sense of indemnity or contribution, the apportionment of fault between parties who are defendant/third party plaintiff and third party defendant would be a determination as to the degree of the parties' obligation and thereby effecting the extent of liability of the third party plaintiff. It would, in substance, have the same legal effect for which the language of Rule 14(a), F.R.C.P. contemplates joinder. Not to allow the joinder under Rule 14 would create confusion, complexity, and convolution for parties seeking resolution of liability under the Utah Liability Reform Act, and complicate a circumstance when a federal court must exercise diversity jurisdiction under 28 U.S.C. § 1332 by creating a difference in treatment between federal and state litigants. Therefore, Blackner's motion to implead Geiger should be allowed as it is compatible with a proper construction of Rule 14, F.R.C.P. *United States v. Acord,* supra.

█ Since impleader is properly allowed under Rule 14, F.R.C.P., Blackner may, thereafter, pursuant to Rule 18, F.R.C.P., pursue his claim for his own damages against Geiger as an additional claim.

Therefore, it is hereby

**ORDERED** that the motion of Orson J. Blackner for leave to file a third party complaint is granted.