Richard E. SCUDDER, Plaintiff,

v.

KENNECOTT COPPER CORPORATION, aka Kennecott Mining Corporation, a foreign corporation, Stearns Catalytic Corporation, and John Does 2 through 10, Defendants.

STEARNS CATALYTIC CORPORATION, Third–Party Plaintiff and Respondent,

v.

WEYHER–LIVSEY CONSTRUCTORS, INC., Third–Party Defendant and Petitioner.

No. 930247.

Supreme Court of Utah.

Sept. 12, 1994.

Rehearing Denied Dec. 19, 1994.

J. David Nelson and Robert D. Dahle, Salt Lake City, for Scudder.

Stephen B. Nebeker, Salt Lake City, for Kennecott Copper Corp.

Robert A. Peterson and Robert W. Payne, Salt Lake City, for Stearns Catalytic Corp.

Terry M. Plant and Daniel D. Andersen, Salt Lake City, for Weyher–Livsey Constructors.

## ON CERTIORARI TO THE UTAH COURT OF APPEALS

HOWE, Justice:

We granted certiorari to review the decision of the court of appeals which reversed a summary judgment, vacated a jury verdict, and ordered a new trial. *Scudder v. Kennecott Copper Corp.*, 858 P.2d 1005 (Utah Ct. App.1993).

The court of appeals has already fully stated the facts. *Id.* at 1006–07. Briefly, plaintiff Richard E. Scudder was an employee of Weyher–Livsey Constructors, Inc., which had contracted to work for defendant Kennecott Copper Corp. on a modernization project. Kennecott had also contracted with defendant Stearns Catalytic Corp. to supervise and manage the construction and safety of the project. In the course of his employment, Scudder was carrying two large cans of oil down a ladder-type device when he slipped and severely injured his knee.

Scudder received workers' compensation benefits and then brought this suit against Kennecott and Stearns. Stearns filed a third-party complaint against Weyher–Livsey that was based on an indemnification agreement between Kennecott and Weyher–Livsey. The trial court granted summary judgment to Weyher–Livsey and dismissed it from the suit. Trial proceeded, and the jury returned a special verdict finding Stearns eighty percent negligent and Kennecott twenty percent negligent in causing Scudder's injuries. Scudder and Weyher–Livsey were found to be free from any negligence. The court granted Kennecott's motion for indemnification from Stearns, which in turn appealed to the court of appeals.

The court of appeals reversed the summary judgment which dismissed Weyher–Livsey. It also vacated that portion of the jury verdict that found only Kennecott and Stearns negligent, and remanded the case for a new trial. *Id.* at 1006. We granted Weyher–Livsey's petition for certiorari. 860 P.2d 943. Both Kennecott and Stearns have satisfied their judgments with Scudder, and he is not a party to this review.

## I.  NOTICE OF APPEAL

We first address a procedural matter. Weyher–Livsey contends that Stearns failed to perfect its appeal which was heard by the court of appeals by not complying with rule 3 of the Utah Rules of Appellate Procedure.[1] It asserts that all three notices of appeal filed by Stearns were defective because they failed to specify all parties to the appeal and failed to designate that the appeal was taken from the summary judgment as well as from the

---

1. Rule 3 states in part:

(d) **Content of notice of appeal.** The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment or order, or part thereof, appealed from; shall designate the court from which the appeal is taken, and shall designate the court to which the appeal is taken.

(e) **Service of notice of appeal.** The party taking the appeal shall give notice of the filing of a notice of appeal by serving personally or mailing a copy thereof to counsel of record of each party to the judgment or order. . . .

Utah R.App.P. 3.

final judgment that had been entered on the jury verdict.

■ We find that all of the notices of appeal complied with our rules. Rule 3(d) requires only specification of the parties *taking* the appeal, not of all the parties involved. Stearns satisfied this requirement. Rule 3(e) requires that all parties to the judgment or order being appealed be served a copy of the notice of appeal. Stearns did this. When appealing from an entire final judgment as Stearns did here, it is not necessary to specify each interlocutory order of which the appellant seeks review. In interpreting rules of appellate procedure similar to Utah's, the Arizona Court of Appeals held· that when an appeal is taken from a final judgment, "[t]here is no requirement that the notice designate intermediate orders which are to be raised as issues on appeal." *Rourk v. State*, 170 Ariz. 6, 821 P.2d 273, 280 (Ct.App. 1991); *see Jerstad v. Warren*, 73 Or.App. 387, 698 P.2d 1033 (1985) (holding to the same effect under an Oregon statute which reads similarly to our rules).

## II. INDEMNITY AGREEMENT AND SUMMARY JUDGMENT

The trial court granted summary judgment to Weyher–Livsey although, as noted by the court of appeals, the basis is not entirely clear. *Scudder*, 858 P.2d at 1007 n. 2. The court of appeals reversed the summary judgment, holding that the indemnification agreement between Kennecott and Weyher–Livsey expressed a clear and unequivocal intent that Weyher–Livsey was obligated to indemnify Kennecott and Stearns against any and all liabilities. This included liability arising because of Kennecott's or Stearns' negligence unless the liability arises as a result of the sole negligence or willful misconduct of Kennecott or Stearns. The court of appeals also held that the exclusive remedy provision of the Workers' Compensation Act, Utah Code Ann. § 35–1–60, did not impose any bar to the operation of the indemnification agreement.[2] *Scudder*, 858 P.2d at 1009–10.

■ We need not, and do not, here decide whether the summary judgment was granted in error. Any error was harmless in view of the jury finding that Weyher–Livsey was not negligent in causing Scudder's injuries. To require reversal, error must be substantial and prejudicial in the sense that there is a reasonable likelihood that in its absence there would have been a different result. *State v. Kozik*, 688 P.2d 459, 461 (Utah 1984) (citing *State v. Urias*, 609 P.2d 1326 (Utah 1980)). In reviewing the record, we find that the jury was instructed on the duty which Weyher–Livsey owed to Scudder.[3] Stearns does not contend that the instruction was erroneous or inadequate. In addition, Weyher–Livsey was (1) mentioned several times during the presentation of evidence, (2) referred to throughout closing argument, and (3) listed on the special verdict form so that fault, if any, could be apportioned to it.[4] In light of all this, the jury

2. Following trial, the trial court granted an indemnity claim of Kennecott against Stearns. Stearns now claims that two similar indemnification clauses were interpreted inconsistently and that each interpretation worked against it. However, the granting of Kennecott's claim is not properly before this court, and we will not address it because it is a dispute solely between Stearns and Kennecott, not between Weyher–Livsey and Stearns.

3. Instruction 26 read in part:
   It was the duty of Weyher–Livsey Constructors, Inc. in constructing and placing the ladder in question, in a reasonable manner, having due regard for the safety of its employees, such [as] Mr. Scudder, who would use the same. If you believe from a preponderance of the evidence that it was constructed and placed in such a manner that a reasonable or prudent person should reasonably have foreseen that it would constitute an unreasonable hazard to the safety of Mr. Scudder or other persons using said ladder, then that would constitute negligence on the part of Weyher–Livsey Constructors, Inc.

4. The special verdict form read in part:
   Was Weyher–Livsey Constructors, Inc. negligent? ·
   ANSWER: *No*
   If you answered Question No. 5 "yes", then answer the following question.
   Was any negligence of Weyher–Livsey Constructors, Inc. a proximate cause of injury to the plaintiff Richard E. Scudder?
   ANSWER: __
   . . . .
   Considering all the negligence which proximately caused injury to total 100%, then what share of such negligence do you attribute to each of the following:

nevertheless did not apportion any fault to Weyher–Livsey. We do not believe that there is a reasonable likelihood that even if Weyher–Livsey had remained in the suit because of any obligation it may have had under the indemnity provision and was present at trial, defending itself, the verdict would have been any different. The court of appeals, however, concluded that it was prejudicial error for Weyher–Livsey to be absent from trial:

> It is logical that in apportioning liability the jury would seek to impose full liability on parties actually involved in the lawsuit, and not on Weyher–Livsey, a phantom defendant who did not participate in the trial. Moreover, the jury was likely left with the impression that, as a result of Weyher–Livsey's dismissal from the case by the trial judge, it could not be negligent and therefore liable for Scudder's injuries. Had Weyher–Livsey been required to participate in the trial, and to explain its actions and responsibilities, there is a reasonable probability that the jury would have found Weyher–Livsey negligent and apportioned at least some liability to Weyher–Livsey. If the jury had found Weyher–Livsey negligent and apportioned any liability to it, the indemnification agreement between Kennecott and Weyher–Livsey would have required Weyher–Livsey to indemnify Kennecott and Stearns in full. Consequently, the absence of Weyher–Livsey at trial as a result of the erroneous grant of summary judgment was sufficiently prejudicial so as to undermine our confidence in the ultimate verdict.

*Scudder*, 858 P.2d at 1011.

In essence, the court of appeals reasoned that it was probable that the jury did not apportion any fault to Weyher–Livsey because it did not participate in the trial. Weyher–Livsey asserts that this reasoning contradicts two of our recent decisions, and we agree. In *Sullivan v. Scoular Grain Co. of Utah*, 853 P.2d 877, 878 (Utah 1993), we concluded that "the purpose and intent of the Utah Liability Reform Act require that a jury account for the relative proportion of fault of a plaintiff's employer that may have caused or contributed to an accident, even though the employer is immune from suit." Therefore, Weyher–Livsey was correctly included on the special verdict form even though it had been previously dismissed from the case through summary judgment. Like the instant case, the employer in *Sullivan* was immune under the exclusive remedy provision of the Workers' Compensation Act. *Sullivan* thoroughly analyzed a situation very similar to the instant case but did not require the immune employer to be present and participate in the trial itself. Having the fault of the immune employer accounted for is sufficient. *Id.* at 878, 881.

Similarly, in *Ericksen v. Salt Lake City Corp.*, 858 P.2d 995 (Utah 1993), an injured employee sued Salt Lake City and the Salt Lake Airport. The city, in turn, filed a third-party complaint against the employer, who was immune under the exclusive remedy provision of the Workers' Compensation Act. The trial court granted summary judgment in favor of the employer, holding that it had no duty to indemnify the city. Nevertheless, the employer was listed on the special verdict form over the objection of the plaintiff employee that the employer should not have been included in the apportionment of fault. Consistent with *Sullivan*, we upheld the special verdict: "Apportionment of an employer's fault does not subject the employer to civil liability, but ensures that no defendant is held liable to any claimant for an amount of damages in excess of the percentage of fault attributable to that defendant." *Id.* at 999. Once again, our decision did not require that the immune employer actually participate in the trial.

█ Without some empirical evidence to the contrary, we do not agree with the court of appeals that the jury would have been reluctant to apportion some percentage of fault to Weyher–Livsey if it believed it was partially or wholly at fault. Following the court of appeals' reasoning would require every immune employer whose fault can be

| | | |
|---|---|---|
| a. Kennecott Corporation | 20% | |
| b. Stearns Catalytic | 80% | |
| c. Weyher–Livsey | 0% | |
| d. Plaintiff Richard E. Scudder | 0% | |
| | TOTAL | 100% |

apportioned on a special verdict form to additionally be present at and participate in the trial. Such a requirement would be superfluous since the immune employer cannot be held financially accountable for any apportioned fault. It was incumbent upon Stearns to prove that Weyher–Livsey was partially or wholly at fault. "[I]t is common practice and generally appropriate for a defendant to assert that a third party is liable." *Turner v. Nelson,* 872 P.2d 1021, 1025 n. 7 (Utah 1994). Stearns had every opportunity to introduce evidence and argue that theory. Since Weyher–Livsey was not present, it had no opportunity to rebut any evidence offered against it. We thus conclude that an employer who is immune under the exclusive remedy of the Workers' Compensation Act and who is listed on the verdict form is not required to be present at and participate in the trial.

### III. SUFFICIENCY OF EVIDENCE

Stearns contends that in view of the evidence, it was wholly unreasonable for the jury to apportion eighty percent negligence to it while apportioning no negligence to Weyher–Livsey and that the court of appeals correctly vacated the verdict. Therefore, Stearns asserts that the trial court erred in denying its motion for a judgment notwithstanding the verdict based on insufficiency of the evidence.

When a party challenges a trial court's denial of a motion for a judgment notwithstanding the verdict or a new trial on appeal and bases that challenge on a claim that there was insufficient evidence to support the verdict, we follow one standard of review: We reverse only if, viewing the evidence in the light most favorable to the prevailing party, we conclude that the evidence is insufficient to support the verdict. When a challenge to the denial of either of these motions amounts to an attack on the sufficiency of the evidence, the appealing party must marshal the evidence in support of the verdict and then demonstrate that the evidence is insufficient when viewed in the light most favorable to the verdict.

*Heslop v. Bank of Utah,* 839 P.2d 828, 839 (Utah 1992) (citations omitted). Weyher–

Livsey responds that Stearns has failed to marshal the evidence in support of the verdict as required and has thus failed to satisfy this burden on appeal. We agree.

Viewing the evidence in a light most favorable to Weyher–Livsey, we conclude that there is evidence to support the jury's verdict. One of Stearns' duties was to manage safety on the project. Stearns contracted with Kennecott to have general responsibility over safety managers. It was obligated to see that the contractors complied with safety standards. It had the authority to require the contractors to remedy unsafe conditions. It approved the ladder which had been constructed by Weyher–Livsey upon which Scudder was injured. In the aggregate, this evidence provides a factual basis which supports an apportionment of eighty percent negligence to Stearns. Viewing this evidence in conjunction with the wide deference we afford juries, *State v. James,* 819 P.2d 781, 784 (Utah 1991), we uphold the verdict.

Stearns insists, however, that Weyher–Livsey, as Scudder's employer, had "primary common law and contractual obligations to provide a safe work place and supervise Scudder's work." As we earlier mentioned, in instruction 26 the trial court advised the jury as to the duty Weyher–Livsey owed to Scudder. Stearns does not contend that the instruction was erroneous or inadequate. The record discloses that Stearns did not place its emphasis at trial on any claim that Weyher–Livsey was negligent but rather based its defense largely on the argument that Scudder was comparatively negligent. In the end, this strategy proved unsuccessful. Stearns cannot now be allowed to retry the case.

We reverse the court of appeals' judgment and affirm the trial court's judgments and orders.

ZIMMERMAN, C.J., and DURHAM, J., and JAMES Z. DAVIS, Court of Appeals Judge, concur.

STEWART, Associate C.J., dissents.

RUSSON, J., having disqualified himself, does not participate herein; JAMES Z. DAVIS, Court of Appeals Judge, sat.